# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

*In re* **M.B. and P.B.**

**No. 19-0530** (Jackson County 18-JA-31 and 18-JA-34)

**FILED**

**February 7, 2020**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Mother G.C., by counsel Seth Harper, appeals the Circuit Court of Jackson County's April 26, 2019, order terminating her parental rights to M.B. and P.B.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Lee Niezgoda, filed a response in support of the circuit court's order. The guardian ad litem ("guardian"), Erica Brannon Gunn, filed a response on behalf of the children in support of the circuit court's order. On appeal, petitioner argues that the circuit court erred in terminating her post-adjudicatory improvement period.[2]

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In March of 2018, the DHHR filed an abuse and neglect petition against the parents alleging that their substance abuse affected their ability to parent and care for M.B. Specifically, the DHHR alleged that the police investigated a report of an unattended toddler wading in

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W. Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W. Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W. Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W. Va. 641, 398 S.E.2d 123 (1990).

[2]On appeal, petitioner does not specifically challenge the circuit court's termination of her parental rights.

floodwaters, and later located the child's parents asleep inside the home. According to the DHHR, the parents stated that they did not know the location of their child, M.B., and petitioner appeared both pregnant and under the influence of drugs or alcohol. Further, the petition alleged that the parents had been convicted of drug offenses and were required to submit to regular drug screening. The DHHR learned that the father tested positive for amphetamine in March of 2018, and petitioner tested positive for methamphetamine in February of 2018.

Thereafter, the circuit court held a contested preliminary hearing and found probable cause to believe that M.B. was in imminent danger due to the parents' lack of supervision and positive drug screens. Also, the circuit court learned that as a result of the positive drug screens, petitioner was incarcerated for violating her probation and the father was placed on home incarceration for violating his parole. While incarcerated, petitioner gave birth to the second child, P.B., who was born drug-exposed. In April of 2018, the DHHR amended the petition to allege that P.B. was abused and neglected and suffered from withdrawal symptoms. A subsequent preliminary hearing ratified the removal of P.B. from the home.

In June of 2018, the circuit court held an adjudicatory hearing. The parents did not appear, but counsel represented them. The circuit court took judicial notice of testimony presented at the preliminary hearing and adjudicated the parents as abusing parents based upon the lack of supervision of M.B. and the parents' positive drug screens. In October of 2018, petitioner filed a motion for a post-adjudicatory improvement period based upon her admission to an inpatient rehabilitation program as a condition of bond in her criminal matter. The next month, the circuit court held a dispositional hearing and learned that petitioner had been doing well in her rehabilitation program. Accordingly, the circuit court accepted petitioner's signed family case plan, which required that she complete an inpatient rehabilitation program, and granted her motion for a post-adjudicatory improvement period.

In March of 2019, the DHHR filed a motion to revoke petitioner's improvement period and terminate her parental rights. Later that month, the circuit court held a dispositional hearing wherein petitioner did not appear, but counsel represented her. In arguing for the termination of petitioner's improvement period, the DHHR testified that she failed to comply with the terms of the family case plan when she was removed from the rehabilitation program and subsequently incarcerated for violating her criminal bond. Further, due to petitioner's incarceration, the DHHR could not offer services to help her complete her family case plan's goals. In conclusion, the DHHR opposed the continuation of petitioner's improvement period because it was unlikely that she could complete it, and instead, argued that her improvement period should be terminated. Petitioner argued that her improvement period should continue if the father were granted an improvement period. In light of the parents' lack of progress throughout the duration of the case, the guardian argued that it was not in the best interests of the children to postpone permanency in their foster home. The circuit court took the DHHR's motion under advisement.

In light of the evidence at the dispositional hearing, the circuit court found that although petitioner "initially made strides toward remedying her drug problem via inpatient treatment, she was later expelled from the program and has remained incarcerated ever since." Further, the

circuit court found that petitioner was no longer in compliance with the terms of her improvement period and could not complete those terms due to her incarceration. Based upon these findings, the circuit court terminated petitioner's post-adjudicatory improvement period. The circuit court further found no reasonable likelihood that the conditions of abuse and neglect could be substantially corrected in the near future, and that it was in the best interests of the children to terminate petitioner's parental rights. The circuit court entered an order reflecting its decision on April 26, 2019. Petitioner now appeals from this order.[3]

The Court has previously established the following standard of review:

> "Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W. Va. 89, 717 S.E.2d 873 (2011).

On appeal, petitioner argues that "the evidence presented [below] was not enough to warrant the premature ending of [her] improvement period and termination of parental rights." However, petitioner alleges no error in the circuit court's finding that there was no reasonable likelihood that the conditions of abuse and neglect could be substantially corrected in the near future or that it was in the best interest of the children to terminate her parental rights.[4] Instead,

---

[3]The parents' parental rights were terminated during the proceedings below. According to the parties, the permanency plan for the children is adoption in their current foster placement.

[4]In her brief before this Court, petitioner failed to cite to a single case or to the appendix record in support of her assertion that the circuit court erred in terminating her parental rights. Indeed, petitioner failed to address the issue at all, other than that quoted above. These failures are in direct contradiction of Rule 10(c)(7) of the West Virginia Rules of Appellate Procedure requiring that

> [t]he brief must contain an argument exhibiting clearly the points of fact and law presented, the standard of review applicable, and citing the authorities relied on,

(continued . . . )

petitioner argues that "the sole ground for appeal is [the circuit court's determination] that there was no likelihood that [petitioner] would complete an improvement period." According to petitioner, the circuit court's finding was not supported by the evidence when the DHHR presented testimony that she had, in fact, successfully complied with some aspects of her improvement period. Petitioner argues that her two months of compliance with services shows that she was likely to complete her improvement period.[5] We disagree.

Pursuant to West Virginia Code § 49-4-610(7), a circuit court may terminate a parent's improvement period if she "has failed to fully participate in the terms of the improvement period." Here, the record is clear that petitioner failed to fully comply with the terms and conditions of her post-adjudicatory improvement period. The evidence establishes that she failed to complete inpatient rehabilitation, parenting classes, and adult life skills classes, or submit to regular drug screens and attend supervised visitations throughout her improvement period. Further, it is within "the court's discretion to terminate the improvement period before the . . . time frame has expired if the court is not satisfied that the [parent] is making the necessary progress." Syl. Pt. 6, in part, *In re Katie S.*, 198 W. Va. 79, 479 S.E.2d 589 (1996).

Although petitioner attended visits with her children and briefly participated in a rehabilitation program, she fails to address the fact that she did not complete the program or any other rehabilitation program as required by her family case plan. Petitioner simply argues "at

under headings that correspond with the assignments of error. The argument must contain appropriate and specific citations to the record on appeal, including citations that pinpoint when and how the issues in the assignments of error were presented to the lower tribunal. The Court may disregard errors that are not adequately supported by specific references to the record on appeal.

Because petitioner's brief with regard to this assertion is woefully inadequate and entirely fails to comply with Rule 10(c)(7) of the Rules of Appellate Procedure, we decline to address it on appeal.

[5]Petitioner also argues that "no efforts were made to determine if the courses and classes offered to incarcerated persons would qualify as completely [sic] the requirements contained in petitioner's case plan concerning basic parenting and adult life skills." "Our general rule is that nonjurisdictional questions . . . raised for the first time on appeal, will not be considered." *Noble v. W. Va. Dep't of Motor Vehicles*, 223 W. Va. 818, 821, 679 S.E.2d 650, 653 (2009) (citation omitted). We note, however, that petitioner bore the burden to initiate and complete services, and she failed to address whether any hypothetical courses or classes she could have taken during her incarceration would have met the DHHR's requirements for her improvement period. *See* W. Va. Code § 49-4-610(4)(A) (requiring that the parent "be responsible for the initiation and completion of all terms of the improvement period). Indeed, petitioner fails to mention whether she, in fact, completed such courses or classes.

some point for some reason, [she] was removed from the program." However, petitioner bore the responsibility of completing the goals of her family case plan, and she fails to address her failure to complete its terms. The overwhelming evidence supports the circuit court's finding that petitioner failed to complete the terms of her improvement period and that termination of her improvement period was appropriate.

For the foregoing reasons, we find no error in the decision of the circuit court, and its April 26, 2019, order is hereby affirmed.

Affirmed.

**ISSUED**:  February 7, 2020

**CONCURRED IN BY**:

Chief Justice Tim Armstead
Justice Margaret L. Workman
Justice Elizabeth D. Walker
Justice Evan H. Jenkins

**DISQUALIFIED:**

Justice John A. Hutchison